Ann Mundo, menor de edad, representada por Mercedes Mundo, madre con patria potestad sobre dicha menor, demandante y apelante, *v.* Félix Juan Serrallés, demandado y apelado.

*Número:* 12056     *Resuelto:* 29 de junio de 1962

*Vicente Géigel Polanco,* abogado de la apelante; *Orlando J. Antonsanti, Leopoldo Tormes García, Pascual Amado Rivera y Guillermo Cintrón Ayuso,* abogados del apelado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo y Rigau.

PER CURIAM: En 16 de diciembre de 1952 nació en la ciudad de Nueva York una niña que fue inscrita en el Registro Demográfico de dicha ciudad con el nombre de Ann Serrallés. En dicha inscripción se hizo constar que sus padres eran Félix Serrallés y Mercedes Mundo. En septiembre de 1954 dicha menor, representada por su madre

con patria potestad, radicó en el Tribunal Superior de Puerto Rico, Sala de San Juan, una demanda sobre declaración de paternidad y alimentos, en la cual se alegaba que dicha menor fue el fruto de unas relaciones amorosas que tuvieron lugar en Puerto Rico durante los primeros cuatro meses del año 1952 entre la madre de la menor y Félix Juan Serrallés. Simultáneamente Félix Juan Serrallés inició una acción en Nueva York contra la menor, la madre de la menor y el Departamento de Salud de la mencionada ciudad, negando ser el padre de la criatura y solicitando que el tribunal ordenase al Departamento de Salud de Nueva York que eliminase su nombre como padre de la niña en la mencionada inscripción de nacimiento.

Fueron emplazados personalmente en Nueva York todos los demandados en la acción de Nueva York y también el demandado en la acción en Puerto Rico. Todos los demandados, así como el demandante, en la acción en Nueva York comparecieron representados por sus respectivos abogados. La madre de la menor y ésta solicitaron en sus contestaciones a la demanda que la misma fuese desestimada y que el tribunal declarase que el demandado Félix Juan Serrallés era el padre de la menor demandada. Trabado así el pleito sobre la cuestión central de la paternidad el mismo se celebró durante los días 14 al 18 y 21 al 23 de noviembre de 1955 en el Tribunal Supremo del Estado de Nueva York (que no es el tribunal de última instancia de ese estado) practicándose la prueba ofrecida por las partes. Visto el caso dicho tribunal determinó que Serrallés no era el padre de la niña y ordenó al Departamento de Salud de Nueva York que eliminase su nombre de la inscripción en el Registro Demográfico de la Ciudad. Luego de otros incidentes judiciales promovidos por las demandadas, éstas apelaron para ante el Tribunal de Apelaciones de Nueva York el cual desestimó la apelación por falta de gestión en 14 de junio de 1956. ■

Luego de la resolución del caso por el Tribunal de Nueva York, Serrallés acudió al Tribunal Superior de San Juan en solicitud de sentencia sumaria basándose en que la reclamación de la demandante en Puerto Rico constituía cosa juzgada ya que la misma cuestión (la determinación de la paternidad) litigada entre las mismas partes había sido resuelta a favor del aquí demandado por el tribunal de Nueva York. Habiéndose opuesto la demandante a la solicitud de sentencia sumaria, el Tribunal Superior, Sala de San Juan, celebró una vista a la cual comparecieron las partes en persona y asistidas de sus abogados. En 22 de agosto de 1956 el Tribunal Superior, por voz del Hon. Juez Luis R. Polo, declaró con lugar la solicitud de sentencia sumaria y dictó sentencia declarando sin lugar la demanda en este caso. Ante nos apeló la demandante.

La apelante hace una extensa relación de alegados errores que se contraen a señalar que el Tribunal Superior erró al no permitir a la demandante impugnar la decisión de Nueva York por motivo de fraude y de falta de jurisdicción. En la vista celebrada en el Tribunal Superior en julio de 1956 la apelante levantó la cuestión pero no adujo prueba al efecto. En cambio el Tribunal Superior tenía ante sí dos preceptos legales que tenía que acatar. Uno es el de cosa juzgada, —y no hay la menor duda de que la misma cuestión que entre las mismas partes se quería relitigar en San Juan ya se había litigado en Nueva York—y el otro es el precepto constitucional que dispone que "se dará entera fe y crédito en cada estado a los actos públicos, documentos y procedimientos judiciales de los otros estados." Sec. 1, Art. IV, Constitución de los Estados Unidos y también 32 L.P.R.A. sec. 1793. Son obvias las razones de orden público que hacen necesario los dos preceptos que hemos mencionado. Los litigios no pueden relitigarse *ad infinitum* y en un sistema federal que comprende tantas jurisdicciones como es el caso de los Estados Unidos y Puerto Rico la cláu-

sula de entera fe y crédito es necesaria o de lo contrario el caos jurisprudencial sería intolerable. Sería fácil citar docenas de casos que sostienen esos dos preceptos pero es innecesario hacerlo.

*Por las razones expuestas se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en este caso en 22 de agosto de 1956.*